UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARLINGTON UZOEJINWA, | CASE NO. 2:26-cv-00322-JHC |
| Petitioner, | ORDER |
| v. | |
| LAURA HERMOSILLO ET AL., | |
| Respondents. | |

This matter comes before the Court on Petitioner Darlington Uzoejinwa's Petition for Writ of Habeas Corpus. Dkt. # 1. Petitioner argues that he is entitled to habeas relief because he is currently subject to mandatory detention at the Northwest ICE Processing Center in Tacoma (NWIPC) under § 1225(b)(2) of the Immigration and Nationality Act (INA). *See id*. at 1, 12. He contends that such detention is contrary to the laws of the United States, as § 1226(a), not § 1225(b), applies to individuals like Petitioner who entered the United States without inspection and now face charges of inadmissibility. *Id*. at 8–12. He also contends that his arrest and re-detention violated his right to due process under the Fifth Amendment of the U.S. Constitution, as he was arrested without a bond redetermination or pre-deprivation hearing. *Id*. at 13.

After the petition was filed, the Court issued a scheduling order directing Respondents to show cause why a writ of habeas corpus should not be granted. *See* Dkt. # 4. Respondents have

ORDER - 1

failed to do so. *See generally* Dkt. # 9; *see also Grajeda Velazquez v. Wamsley*, 2026 WL 84223, at *3–5 (W.D. Wash. Jan. 12, 2026) (granting habeas relief because the petitioner's re-detention without adequate notice and opportunity to be heard violated his constitutional right to due process); *Del Valle Castillo v. Wamsley*, 2025 WL 3524932, at *5–7 (W.D. Wash. Nov. 26, 2025) (granting habeas relief to petitioners and rejecting the argument that noncitizens who are arrested while already present in the United States are subject to mandatory detention under § 1225(b) instead of discretionary detention under § 1226(a)); *P.T. v. Hermosillo*, 2025 WL 3294988, at *2 n.1, 4 (W.D. Wash. Nov. 26, 2025) (granting habeas relief on due process grounds and concluding that the claimed authority of the government to detain an individual under § 1225(b) does not affect the lawfulness of the petitioner's re-detention).

Accordingly, the Court concludes that Petitioner has shown by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States" and is therefore entitled to habeas relief. *See* 28 U.S.C. § 2241(c). It thus

(1) GRANTS the Petition for Writ of Habeas Corpus (Dkt. # 1).

(2) ORDERS Respondents to immediately release Petitioner from custody on the same conditions of release previously imposed before his arrest in October 2025. Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from re-detaining Petitioner unless and until he is provided with adequate notice and a hearing before an immigration court to determine whether re-detention is appropriate.

Dated this 13th day of February, 2026.

John H. Chun
United States District Judge

ORDER - 2